# PIRROTTI & GLATT LAW FIRM PLLC

*Anthony Pirrotti, Jr.*
*Adam J. Glatt*

*Counsellors at Law*

April 23, 2025

Hon. Magistrate Judge Judith C. McCarthy
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> **SO ORDERED:**
> Defendant is directed to respond to this letter by close of business, May 1, 2025.
>
> _(signature)_   4-29-25
> JUDITH C. McCARTHY
> United States Magistrate Judge

Re:   Lore v. State Farm Mutual Automobile Insurance Company
      Case No.: 7:24-cv-01032-NSR-JCM
      File No.: 3461-001

Dear Magistrate Judge Judith C. McCarthy:

As per Your Honor's Court Rules, we write this letter concerning a Discovery dispute that I mentioned in my "partial" Joint letter to update the Court concerning the status of the case. I asked the defense attorney for a response to my emails referenced below to be resolved *so many times*, to be courteous, but to no avail. I am making this letter request to Your Honor within 3 business days as required.

**Facts of the case**

This case concerns an action by the Insured (plaintiff) of State Farm concerning an underinsured claim. In the underlying case, an offending vehicle crossed over a double yellow line, striking plaintiff's vehicle, causing plaintiff's injuries, which include extensive shoulder surgery with anchors, and extensive physical therapy. The plaintiff is also left hand dominant, is an electrician, and remains with restricted range of motion, also confirmed by defendant's Doctor's examination.

The offending vehicle tendered its policy limit of $100,000. The amount in contention in this Supplementary Underinsured Motorist ("SUM") action is $200,000. The SUM Policy limit is $300,000, and consent was given by defendant to settle for the underlying offending vehicle's/tortfeasors' Policy limit of $100,000. Plaintiff's contention is that the shoulder surgery *with anchors* and extensive physical therapy *of his dominant arm* (who works as an electrician), he is 55, and his limitation of range of motion is worth *well in excess of $300,000*. The defendant's

*2 Overhill Road, Suite 200*
*Scarsdale, New York 10583*

*(914) 723-4333*
*Fax (914) 723-4838*

*www.pg-lawfirm.com*

contention is that plaintiff's injuries are not worth in excess of $100,000 and that he can work and made a good recovery.

The defendant made an offer of $35,000 to settle, and the counter-settlement request by plaintiff is $190,000. At Trial, in contention will be $200,000, and plaintiff seeks 9% statutory interest from the date of the breach to pay the SUM benefits. The defendant claims that there is no breach of the insurance agreement.

**No-Fault File Dispute**

The defendant's insurance Claim's Adjuster handling this claim/file was to be produced for a deposition as per Your Honor's Order, and two dates were set. However, plaintiff's counsel advised *via* letter and email that the No-Fault file was not supplied by defendant's attorney to plaintiff's attorney and we needed such exchange before the deposition (letter and emails sent 3-6-25, 3-10-25, 3-11-25, 3-14-25, 3-23-25 and 3-28-25, including phone messages left on defense counsel's voice mail at work and, by my Partner, on defense attorney's cell phone, and as also demanded in Plaintiff's Combined Demands and Notices, in the section titled "Notice for Discovery & Inspection", dated October 1, 2024).

The defendant's attorney claims on March 14, 2025 at 5:10 pm (on the day of the partial joint submission letter) that the No-Fault is part of the Claim file:

- "From my quick review, look at pages 43, 49, 51 (of the *1026 page* PDF production) for letters to Mr. Lore from the no-fault rep. There are also lots of EORs. In the production sent on 1/31/25 for the log entries, all the no fault/ PIP payments are listed. There are lots of log entries from PIP reps. Happy to discuss next week."

He never called to discuss "next week" and our other emails/calls went unanswered. In response to defense attorney's claims:

- We had to give the defense attorney a HIPAA complaint authorization *for him to get the No-Fault file* (as we have to do in every auto case), and this proves that the No-Fault file is separate and not "comingled" with the Claim's File).
- Also, the fact that there are some pages out of over 1,000 pages does not mean that what was supplied constitutes the entire No-Fault file, and some No-Fault forms (i.e. doctor reports and/or denials) are routinely part of a Claims file.

- The Claims file is separate from the No-Fault file; they are not one file (I represented Commercial Union Insurance Company, this is what I experience in every auto case and I lectured about No-Fault and Auto cases);
- No-Fault forms in the claims file, does not mean that they are all one file;
- If it is one submission, what pages belong to the Claim's file and what pages are the No-Fault file?
- Where is all of the billing to No-Fault and copies of payments?
- Where are all of the Notes of the No-Fault Adjuster?
- There are also redactions, *but no Privilege Log.*

The issue here is lack of communication; I could not get definitive answers from the defense attorney prior to the scheduled deposition. Then, on 4-4-25 I sent a "final" email to defense attorney Moroney, and he confirmed with the adjuster that there is only one file (because of the type of claim) and he gave a detailed explanation.

Since 4-4-25, I am emailing him to get a deposition date, but I cannot get an answer. I wrote on 4-10-24 with proposed dates, and then on 4-14-25 saying "Good morning Matt. Please advise ASAP. Thank you"; and then on 4-15-25, and then I get a response that he is off that week with family (which I totally understand and respect and I tell him to enjoy and "family first" *but to please advise me*), but I get no response the following week so I email again on 4-21-25 and he advises that he has some "housekeeping" matters to discuss, but does not tell me what it is and I just want a date for his clients EBT!

I wrote today at 8:16 am "Pls get back to me today by noon as we have to plan and write to the Judge with a status update." He did not reply, thereby necessitating this letter to Your Honor.

We kindly ask for a Teams Court Conference with Your Honor, to get compliance so we can hold the deposition of defendant and be in Compliance with Your Order. Thank you for your consideration.

Respectfully submitted,

PIRROTTI & GLATT LAW FIRM PLLC

Anthony Pirrotti, Jr.
AJPJR/11
cc:   Goldberg, Miller & Rubin; Matthew Moroney, Esq.